**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 20-cv-00441-RM-NRN

TERESA WOOD, and
WILLIAM WOOD,

      Plaintiffs,

v.

AMERICAN MEDICAL SYSTEMS, INC.,

      Defendant.

---

**ORDER**

---

This matter is before the Court upon review of the Joint Status Report (ECF No. 59) and relevant parts of the record. Upon such review, the Court finds and orders as follows.

**I.      BACKGROUND**

The parties are well-versed with the background which precedes the transfer of this case to this District from the Southern District of Virginia in the matter of *American Medical Systems, Inc., Pelvic Repair System Products Multi-District Litigation 2325* (the "MDL"). According to the Status Report, Plaintiffs' case was placed in Wave 1 but then placed on an inactive docket while the parties tried to resolve this case. When the parties were unable to do so, Plaintiffs' case was placed in Wave 5. (MDL # 7137.) The Wave 5 deadline for written discovery, expert disclosures, taking depositions, filing dispositive motions, and filing *Daubert* motions have all passed. (*Id.* at p. 3.) And, in the order transferring this case the MDL Court specifically stated: "***Upon transfer, I urge the receiving court to immediately set these cases for trial without reopening discovery. Further discovery will only result in unjust delay. Extensive development***

*of these cases over a period of years has made such further action completely unnecessary.*" (ECF No. 38, p. 1 (emphasis in original).) With this background, the Court proceeds to the issues at hand.

## II.    PENDING MOTIONS

The parties agree that certain *Daubert* motions require a ruling but disagree as to whether, with respect to Defendant's motion to exclude Jimmy Mays, Ph.D., Plaintiffs may adopt a response to Defendant's motion filed in Wave 6. Specifically, Defendant filed a motion to exclude certain testimony and opinions of Dr. Mays in Wave 5 but Plaintiffs apparently filed no response and the deadline to do so has long passed. But, because Defendant adopted its Wave 5 motion in Wave 6[1] and Plaintiffs filed a response in Wave 6,[2] Plaintiffs seek to use their Wave 6 response in opposition to Defendant's Wave 5 motion. Defendant, however, contends it is too late. The Court finds otherwise.

Upon consideration of the record and finding no prejudice to Defendant, and in the interest of "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court will allow Plaintiffs to do so.[3] Therefore, Plaintiffs may use their Notice of Adoption (along with attendant filings)[4] in Wave 6 as their response to Defendant's Wave 5 motion regarding Dr. Mays.

That leaves the issue of Defendant's reply. Within 14 days of the date of this Order, Defendant may file a reply to Plaintiffs' response. Defendant may, if it chooses to do so, adopt its prior reply (if any) filed in Wave 6 regarding Dr. Mays or file a new reply.

---

[1] MDL # 7540.
[2] MDL # 7553.
[3] The Court recognizes that no motion has been filed, but this case has been pending since 2012. Further, the Court finds no briefing on the issue is necessary under the facts and circumstances of this case.
[4] MDL # 7553.

### III.   DISCOVERY

#### A.  Undisputed and Partially Disputed Discovery

The parties have agreed to provide supplemental case-specific expert reports from their previously designated expert witnesses and to take their depositions after the supplemental reports are provided. The parties, however, apparently dispute the scope of these depositions. Plaintiffs assert the deposition should be limited to new medical treatment since the original case-specific expert reports in 2017 while Defendant, at least as to Dr. Rosenzweig, contends it should be entitled to examine the witness on the entirety of his opinions as his deposition was already scheduled for May 18, 2020.

Upon review, the Court finds that for those case-specific experts who have previously been deposed, their deposition should be limited to any new medical treatment. For case-specific experts who have *not* been previously deposed but whose depositions have already been scheduled, they may be examined on the entirety of his or her opinions.

Finally, Plaintiffs propose a deadline of May 15, 2020 for the supplements and July 15, 2020 for the depositions. Defendant propose September 30, 2020 for the close of all additional discovery. The Court finds supplemental reports are due by June 12, 2020 and depositions of these experts are to be completed by August 7, 2020.

#### B.  Disputed Discovery

Except for the limited discovery regarding case-specific experts, Plaintiffs contend the case is ready for trial. Defendant, however, seeks to take the deposition of Plaintiff William Wood and contends it previously "reserved the right" to depose others. In light of the deadlines which have passed and the MDL Court's statement regarding the necessity of any additional discovery, it is difficult for the Court to see why such additional discovery was not previously

taken. Nonetheless, because the Court does not have a full record of any "reservations" by Defendant, Defendant may file a motion (after meaningful conferral) setting forth what additional discovery it seeks and sufficient bases for why it should be allowed now.

## IV.   ADDITIONAL MOTIONS

Defendant advises it will seek to file dispositive motions before the Court. The Court finds the deadline to file dispositive motions has passed without Defendant requesting any extension of time before the MDL Court. Thus, the Court finds any motion for leave would be futile. No dispositive motions, e.g., motions for summary judgment, will be allowed.

Although *Daubert* motions were not specifically addressed by Defendant, the Court notes Defendant proposes a deadline of October 30, 2020. But, the deadline for *Daubert* motions has also passed. Nonetheless, because the parties have agreed (and by this Order, the Court allows) to supplementation of expert reports and additional depositions, the Court will allow limited *Daubert* motions. Specifically, any *Daubert* motion may only address a matter raised in any supplemental report. The Court sees no reason why *Daubert* motions to address any report previously disclosed should and could not have been filed earlier.[5]

## V.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) That within **seven (7) days** of the date of this Order, each party shall file their pending *Daubert* motion(s)[6] (and all related filings such as any exhibits, the opposing party's response, and reply) as separate docket entries so that a ruling may be made as to such motions;

---

[5] For example, Defendant already has a *Daubert* motion as to Dr. Rosenzweig pending. Although the Court will allow his deposition examination to include all his opinions, any additional *Daubert* motion as to Dr. Rosenzweig may be directed only against any supplemental report/opinions.
[6] The six motions identified in the Joint Status Report. (ECF No. 59.)

(2) That within **fourteen (14) days** of the date of this Order, Defendant may file a reply to Plaintiffs' response to Defendant's *Daubert* motion regarding Jimmy Mays, Ph.D.;

(3) That on or before **June 12, 2020**, the parties may provide supplemental reports of case-specific experts;

(4) That on or before **August 7, 2020**, the parties must complete the depositions of any case-specific experts as set forth herein;

(5) That on or before **June 1, 2020**, Defendant may file a motion for additional discovery;

(6) That no dispositive motions will be allowed;

(7) That limited *Daubert* motions as to any case-specific expert deposed as allowed in this Order must be filed within **three weeks** of the completion of such depositions, i.e., three weeks of August 7, 2020; and

(8) That within **one week** of the completion of the case-specific depositions allowed, the parties shall file a notice with the Court so that this case may be set for a final pretrial order, a *Daubert* hearing, a trial preparation conference, and trial.

DATED this 18th day of May, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge